UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | File No. 24-CR-00073 (JMB/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Jermaine Alexander Sweet, | |
| Defendant. | |

William C. Mattessich, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Minneapolis, MN, for Defendant Jermaine Alexander Sweet.

This matter is before the Court on Defendant Jermaine Alexander Sweet's Objections to the Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright on Sweet's motion to suppress evidence of search and seizure (Objections). (Doc. No. 64.) For the reasons explained below, the Court overrules Sweet's Objections, adopts the R&R, and denies Sweet's motion to suppress.

## BACKGROUND

On March 21, 2024, Sweet was indicted on one count of unlawfully possessing a firearm as an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1), 924 (e). (Doc. No. 1.) Sweet filed a pretrial motion to suppress "all evidence obtained by police as a result of the stop, seizure, and search of Mr. Sweet and his vehicle" around midnight on

1

November 16, 2023, on grounds that law enforcement officers in Savage, Minnesota exceeded the scope of a lawful investigative stop. (Doc. Nos. 42, 62.) On August 28, 2024, the Magistrate Judge held an evidentiary hearing. (Doc. No. 48.) The Court has reviewed the evidence presented at the hearing and is satisfied that the Magistrate Judge set forth a fulsome and accurate summary of it in the R&R. (*See* Doc. No. 64 at 1–5.)

On November 8, 2024, the Magistrate Judge issued an R&R recommending denial of the suppression motions on the following grounds: First, under the totality of the circumstances—including the reliability of the underlying 911 call, law enforcement's corroboration of aspects of the 911 caller's tip, allegations that someone inside of a parked and running vehicle was waving a firearm, the late time of day such activity occurred, and that officers knew the area where the alleged conduct occurred in an areas known for robberies, assaults, and shootings—Sweet's initial investigative seizure was supported by reasonable suspicion as required by *Terry v. Ohio*, 392 U.S. 1 (1968). (Doc. No. 64 at 5–10.) Second, law enforcement officers did not exceed the scope of the lawful investigative seizure by drawing their guns as they approached Sweet's vehicle because, at the time, they had an objectively reasonable concern for their officer safety. (*Id.* at 11–14.)

## DISCUSSION

Sweet now objects to the Magistrate Judge's recommendation in the R&R. (*See* Doc. No. 67.) Specifically, Sweet raises the following two challenges to the recommendation: (1) Sweet argues that the initial investigative detention was unlawful

2

because law enforcement officers lacked reasonable suspicion to seize him under *Terry*;[1] and (2) Sweet argues that the Court should suppress the evidence obtained during and after the encounter because officers lacked constitutional justification to draw their guns on him. After applying a de novo standard of review, 28 U.S.C. § 636(b)(1); *see also* D. Minn. L.R. 72.2(b),[2] the Court adopts the R&R.

---

[1] The Court observes that in his underlying motion, Sweet did not argue that law enforcement officers lacked reasonable suspicion to seize him. (*See* Doc. Nos. 42, 62.) The motion itself assumed the initial investigative seizure was lawful and only challenged the constitutionality of the scope of the seizure and the methods employed during it.

[2] The parties do not agree on the applicable standard of review. The Government suggests that the "clearly erroneous or contrary to law" standard of review is appropriate here. (Doc. No. 69 at 5 (citing 28 U.S.C. § 636(b)(1) and D. Minn. L.R. 72.2(a)(3)(A) (applying "clearly erroneous" standard to "nondispositive matters" decided by the Magistrate Judges).) However, motions to suppress evidence in a criminal case are not typically reviewed under this standard. *See* 28 U.S.C. §§ 636(b)(1)(A) (requiring application of the "clearly erroneous or contrary to law" standard to pretrial matters "*except for* a motion . . . to suppress evidence in a criminal case"), 636(b)(1)(C) (requiring de novo review for "any motion excepted in subparagraph A"). In addition, whether to review an issue and what standard of review to apply is affected by a party's failure to properly present that issue. *See United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error. We review the district court's legal conclusions de novo." (quotation omitted)); *United States v. Simeon*, 115 F. Supp. 981, 996 (N.D. Iowa 2015) (collecting cases and concluding defendant had waived objection to the R&R because he had not raised the issue to the magistrate judge). As noted above, Sweet made no challenge to the constitutionality of the initial basis for the investigative detention. Nevertheless, the Court need not determine which standard is most appropriate because the Court's decision would be the same under any standard.

I. **REASONABLE SUSPICION FOR THE INVESTIGATORY SEIZURE**

Sweet first challenges the Magistrate Judge's conclusion in the R&R that officers' seizure of Sweet was lawful. The Court finds no error in the Magistrate Judge's conclusion that Sweet's seizure was lawful under *Terry*.

A law enforcement officer may conduct an investigative stop "if he has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. McMillion*, 101 F.4th 573, 576 (8th Cir. 2024). To show that a seizure is supported by reasonable suspicion, "the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* (quotation omitted). Reasonable suspicion must be more than an officer's "mere hunch"; however, "the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying the preponderance of the evidence standard." *Id.* (quotation omitted). In conducting this analysis, courts allow officers to "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.* (quotation omitted).

Sweet asserts that officers did not have reasonable suspicion to seize him because they relied only on the following three pieces of information: (1) a 911 call from an anonymous tipster; (2) allegations by the tipster that someone waved a gun; and (3) that this conduct occurred in an area known to be a high-crime area. (*See* Doc. No. 67 at 5–6.) Sweet then explains why each of those items alone is insufficient to give rise to reasonable

suspicion.[3] Sweet's argument, however, is not convincing because the law enforcement officers relied on additional information and because the Court must consider the totality-of-the-circumstances when determining whether reasonable suspicion exists. *United States v. Hightower*, 716 F.3d 1117, 1121 (8th Cir. 2013) ("Even if a single factor identified by the district court, when viewed in isolation, did not support a finding of reasonable suspicion, our precedent prohibits such a fragmented approach to reasonable suspicion.").

Here, law enforcement officers initiated the seizure based on the totality of the circumstances, which included: a tip from a 911 caller who was in a hotel room at the Quality Inn and who reported that a person was waving a gun inside of a white SUV that was running and parked facing their hotel room; upon arrival at the Quality Inn parking lot, police saw a white SUV that was running and parked facing what appear to be guest rooms; police knew the area around the Quality Inn to be the site of robberies, assaults, and shootings; and it was late at night. Taken together, the totality of the circumstances supported law enforcement's conclusion that criminal activity—a potential robbery or shooting—was afoot. *See McMillion*, 101 F.4th at 577 (reversing district court's grant of motion to suppress on grounds that *Terry* stop lacked reasonable suspicion where officers received call from security guard about a vehicle in notoriously high-crime area that was driving in a prohibited area late at night and an occupant was swinging around a gun); *United States v. Trogdon*, 789 F.3d 907, 910 (8th Cir. 2015) (affirming district court's conclusion that *Terry* stop was supported by reasonable suspicion in view of totality of the

---

[3] The Court also observes that, though Sweet argues that the cases on which the Magistrate Judge relied are distinguishable, he provides no citation to contrary legal authority.

circumstances, which included the time of night, involved a person known to police, and the persons involved took evasive action upon seeing police); *see also United States v. Fields*, 373 F. App'x 624, 628 (7th Cir. 2010) (concluding officers had reasonable suspicion to seize where witness reported that a man displayed a large firearm to other men in an alley near her home, and police determined upon arrival that the scene matched the caller's description); *United States v. Wooden*, 551 F.3d 647, 648 (7th Cir. 2008) (concluding officers had reasonable suspicion to seize where 911 caller reported that a man had taken a gun out of a holster while arguing with a woman on a public street). Thus, Sweet's seizure, in view of the totality of the circumstances, was based on much more than "inarticulate hunches." *Terry v. Ohio*, 392 U.S. 1, 22 (1968).

Sweet's objection to the Magistrate Judge's recommendation with respect to his motion to suppress related to the lawfulness of his seizure is overruled.

## II. REASONABLENESS OF THE METHODS USED

Sweet also challenges the Magistrate Judge's conclusion that officers had constitutional justification to point a gun at him when approaching his vehicle. (*See* Doc. No. 67 at 9–12.) Again, the Court concurs with the Magistrate Judge because the law enforcement officers' reasonable and sufficient concern for their safety justified brandishing their weapons during the investigative detention.

When conducting an investigatory stop, "the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." *United States v. Bloomfield*, 40 F.3d 910, 916 (8th Cir. 1994). Officers may take measures that are "reasonably necessary to protect their

personal safety and to maintain the status quo during the course of the stop" without converting a lawful *Terry* stop into an arrest (for which probable cause is required). *United States v. Newell*, 596 F.3d 876, 879 (8th Cir. 2010).

According to Sweet, "there were inadequate grounds" for police to point a gun at him upon their initial approach to his vehicle because they "did not have information indicating that [he] had committed any actual crime." (Doc. No. 67 at 10.) However, officers need not believe "any actual crime" had occurred to be justified in drawing a gun; they need only have "an objectively reasonable concern for officer safety or suspicion of danger." *United States v. Sanford*, 813 F.3d 708, 713 (8th Cir. 2016). Here, law enforcement officers had an objectively reasonable concern for their safety as they approached Sweet's vehicle: they were approaching a running vehicle late at night in a high-crime area on a report that an occupant of the vehicle was observed flashing and waving a gun.[4] Given the late hour, officers understood that they would be unable to see the movements of the vehicle's occupants nor the location of any suspected firearm as they approached. Under these circumstances, the officers' concern for their safety as they encountered Sweet was objectively reasonable so as to justify brandishing their weapons. *See, e.g.*, *United States v. Bell*, 480 F.3d 860, 864 (8th Cir. 2007) (affirming denial of

---

[4] Sweet argues that the report that a gun was inside of the vehicle was patently unreliable because a 911 caller inside of the Quality Inn could not have gotten a clear view into Sweet's vehicle. However, this argument is undermined by specific, uncontested facts. Viewing the arresting officer's body camera footage, the Court concludes that Sweet's vehicle was parked in such a way that it was facing multiple guest-room windows at the Quality Inn. The 911 caller reported that the SUV in question was facing their guest room. (Doc. No. 55 at 13:21–14:2, 14:8–12.) Officers are permitted to rely on such information.

motion to suppress on grounds that officers exceeded the bounds of *Terry* by drawing their weapons because officers suspected firearms would be in the vehicle and, therefore, their actions were necessary to maintain the status quo and protect officer safety); *United States v. Fisher*, 364 F.3d 970, 973–74 (8th Cir. 2004) (affirming district court's determination that officers' decision to approach defendant with guns drawn was "reasonably necessary to the investigative stop" where police suspected defendant may have been armed and dangerous and was in an area known for gun violence); *United States v. Navarrete-Barron*, 192 F.3d 786, 789–91 (8th Cir. 1999) (concluding officers did not exceed scope of lawful *Terry* stop by approaching suspect with guns drawn because, at the time, officers had reasonable suspicion suspect may be armed); *United States v. Lloyd*, 36 F.3d 761, 763 (8th Cir. 1994) ("Because the officers were investigating a tip that several men with guns had threatened an individual in this apartment building, the officers acted reasonably when they brandished their guns upon encountering [suspect]."). Thus, Sweet's Objection related to law enforcement's use of weapons during the seizure is overruled.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Jermaine Alexander Sweet's Objections to the R&R (Doc. No. 67) are OVERRULED.

2. The R&R (Doc. No. 64) is ADOPTED.

3. Sweet's Motion to Suppress Evidence from Search and Seizure (Doc. No. 42) is DENIED.

Dated: January 6, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court